Wilmington Sav. Fund Socy., FSB v Sposato (2025 NY Slip Op 51433(U))

[*1]

Wilmington Sav. Fund Socy., FSB v Sposato

2025 NY Slip Op 51433(U)

Decided on September 8, 2025

Supreme Court, Westchester County

Jamieson, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 8, 2025
Supreme Court, Westchester County

Wilmington Savings Fund Society, FSB, 
 D/B/A CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR PREMIUM MORTGAGE ACQUISITION TRUST, Plaintiff,

against
Robert Sposato, LINDA SPOSATO, UNITED STATES OF AMERICA 
 0/B/0 INTERNAL REVENUE SERVICE, DCFS TRUST MERCEDES BENZ FINANCIAL, CITIBANK, N.A. and ALBERT SORANO, Defendants.

Index No. 65567/14

Knuckles, Komosinski et al.
Attorneys for Plaintiff
565 Taxter Rd., #590
Elmsford, New York 10523
Sherwood & Truitt Law Group, LLC
Attorneys for Stewart Title Insurance Company
300 Garden City Plaza, Suite 136
Garden City, New York 11530
Linda B. Sposato

Linda S. Jamieson, J.

The following papers numbered 1 to 18 were read on these motions:
Paper    
Number
Notice of Motion, Affidavit and Exhibits 1
Notice of Motion, Affidavit and Exhibits 2
Memorandum of Law 3
Supplemental Affidavits 4
Affirmation and Exhibit in Opposition 5
Affirmation in Opposition 6
Affirmation in Opposition 7
Notice of Motion and Affirmation 8
Memorandum of Law 9
Supplemental Memorandum of Law 10
Affirmation and Exhibits 11
Notice of Motion and Affirmation 12
Supplemental Affirmation and Exhibits 13
Memorandum of Law 14
Affirmation in Opposition 15
Affirmation and Exhibit in Opposition 16
Affirmation 17
Letters 18
There four open and largely duplicative motions before the Court filed by pro se defendant Linda Sposato. The first motion seeks (1) to vacate the mortgage lien filed on November 8, 2012, related to a mortgage dated December 4, 2007; (2) to declare all assignments stemming from said mortgage void ab initio; and (3) damages of $509,000. The second motion seeks (1) to vacate the mortgage lien recorded on November 8, 2012 under Westchester County Control #522573030; (2) to strike and declare void all related mortgage assignments and the lis pendens recorded in this matter; (3) to permanently enjoin the foreclosure auction scheduled for June 16, 2025; and (4) compensatory and punitive damages under CPLR §§ 3016 and 1601. The third motion seeks (1) to vacate the mortgage lien filed by Stewart Title Insurance Company on November 8, 2012; (2) to declare the mortgage void ab initio based on fraud, forgery, and lack of legal authority; and (3) to impose sanctions and refer the matter to appropriate oversight agencies. The fourth motion seeks to vacate the mortgage and lien.
As the parties are well aware, Ms. Sposato has filed many, many motions; has filed for bankruptcy multiple times, including in June 2025; and has had several foreclosure sales canceled, including the June 2025 sale that is the subject of one of the motions decided herein (such that that request for relief is moot). At the outset, the Court notes that Ms. Sposato cannot add non-parties to the caption and simply by doing so make them parties to the action.[FN1]
There is a set procedure for joining parties to an action, which Ms. Sposato has not followed — and which is impossible at this late stage of the action. The Court hereby orders Ms. Sposato to refrain from filing any motions against Stewart Title Company, Howard Kleiman or Eric Zeni or any other former or current employee of Steward Title Company. None of them are parties to this action, and the Court cannot grant any relief as to them. Any further motions seeking relief against them are improper and may cause the Court to issue sanctions.
In February 2023, the Court ruled on two motions that Ms. Sposato filed, declining to vacate the Judgment of Foreclosure and Sale, stating that "This eight-year old foreclosure must come to its conclusion." Now this action is over ten years old, and again Ms. Sposato has presented the Court with no new legally-cognizable evidence or law to substantiate her claims of fraud, or otherwise give the Court any legal basis for the relief she seeks. 
It has long been settled that "A judgment of foreclosure and sale entered against a [*2]defendant is final as to all questions at issue between the parties, and all matters of defense which were or which might have been litigated in the foreclosure action are concluded. Defenses which should have been raised before the entry of a judgment of foreclosure, but were not, should not be entertained by the court after the fact." U.S. Bank, N.A. v. Guaman, 238 AD3d 941, 942—43, 234 N.Y.S.3d 591, 593—94 (2d Dept. 2025) (emphasis added). 
On these motions, there are several issues that movant raises now that she did not raise prior to the Judgment of Foreclosure and Sale and that are now barred. For example, movant alleges that the notary who notarized her signature on the December 2007 mortgage had been disbarred previously, such that the notarization and thus the mortgage is invalid. Even if movant were entitled to raise this issue nearly 17 years after the fact (and more than five years after the Court granted the Judgment of Foreclosure and Sale), which she may not as a matter of law, the evidence demonstrates that the despite having been disbarred, this man's notary license was and remains valid to date, according to the New York State Department of State website, of which this Court may take judicial notice. LaSonde v. Seabrook, 89 AD3d 132, 137, 933 N.Y.S.2d 195, 199 (1st Dept. 2011) ("This Court has discretion to take judicial notice of material derived from official government web sites such as those generated by the New York State Department of State."). 
For another example, movant takes issue with the fact that the mortgage was not recorded for years after it was executed. Even if movant were entitled to raise this issue now — which she is not - this does not affect the validity of the mortgage. See, e.g., Commonwealth Land Title Ins. Co. v. Lituchy, 188 AD2d 353, 591 N.Y.S.2d 770 (1st Dept. 1992) ("failure to record the mortgage and pay the tax does not render the mortgage and note unenforceable."). None of the other issues that Ms. Sposato raises on these motions may be raised now at this late stage of the action. Nor would any of them be a valid basis for vacating the Judgment of Foreclosure and Sale, even if she were able to raise them at this late juncture.
While the Court is sympathetic to Ms. Sposato's strenuous efforts to save her home, the Court cannot operate on sympathy. Instead, it is governed by the law. Unfortunately for Ms. Sposato, the law does not allow the Court to grant the relief that she seeks in any of her motions. The Court must deny all of the motions. 
As there is no legal basis for overturning the Judgment of Foreclosure and Sale, the Court finds that Ms. Sposato has no legal basis for filing any more motions to try to stop the foreclosure sale from proceeding. The Court expects that the sale will proceed as scheduled on September 30th, unless the Appellate Division intervenes.
The foregoing constitutes the decision and order of the Court.
Dated: September 8, 2025
White Plains, New York
HON. LINDA S. JAMIESON
Justice of the Supreme Court

Footnotes

Footnote 1: Ms. Sposato purported to add Stewart Title Insurance Company, Howard Kleiman and Eric Zeni to the caption on one of her motions.